[No. 10241.   Department Two.   June 6, 1912.]

## The State of Washington, *Respondent,* v. Charles F. Hendricks, *Appellant.*[1]

Woods and Forests—Offenses— Prohibited Fires — Statutes — Construction.   Under Laws 1911, p. 629, § 8, prohibiting the burning without a permit, during the summer months, of any forest material, defined by § 1 to mean "forest slashing, chopping, woodland or brush land," one may be convicted of burning "logs and stumps" located in his own dooryard; since a yard in which there are logs and stumps is manifestly located in a forest or slashing or woodland.

Same—Statutes—Repeal.   Rem. & Bal. Code, § 5287, permitting the burning of logs, stumps, drift and brush heaps in small quantities under personal supervision was repealed by Laws 1911, p. 629, § 8, prohibiting the burning of any forest material without a special permit.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered December 4, 1911, upon a trial and conviction of unlawful burning of forest material. Affirmed.

*Jas. J. Anderson,* for appellant.

*J. L. McMurray, A. O. Burmeister,* and *G. C. Nolte,* for respondent.

Mount, J.—The defendant was convicted in the court below upon a charge of burning forest material in the month of August, in Pierce county, without first obtaining permission to do so.   He appeals from a judgment imposing a fine.   The facts were stipulated as follows:

"That on the 14th day of August, 1911, in the county of Pierce, state of Washington, the defendant Charles F. Hendricks burned two logs and two stumps upon land owned by him; that said burning was in defendant's own yard in which his residence is located, and was under the personal supervision of the defendant; that there was at said time a deputy fire warden in Pierce county; also that defendant had no permit to burn from said deputy fire warden or other legally constituted authority."

[1]Reported in 123 Pac. 1077.

The statute provides:

"No one shall burn any forest material within any county in this state in which there is a warden or ranger during the months of June to September, inclusive, of each year, which period is hereby designated as the closed season, without first obtaining permission in writing from the forester, or a warden or a ranger and afterwards complying with the terms of said permit; and any one violating any provisions . . . of this section shall, upon conviction thereof, be fined," etc.　Laws 1911, p. 629, § 8.

The term "forest material" is defined by section 1 of the act to mean, "forest slashing, chopping, woodland or brush land." It is argued by the appellant that logs and stumps in a person's dooryard do not fall within the definition of forest materials, and that the legislature did not intend that burning logs and stumps in small quantities should be punishable. It is possible that, if logs and stumps are located in a dooryard, isolated from a forest, and are not a part of a forest or a slashing or chopping, the statute might be held not to prevent a burning of such materials. But where it is shown or admitted, as it is in this case, that logs and stumps are located in one's dooryard, such yard is manifestly located in a forest or slashing or woodland, because logs and stumps are a part of a forest and slashing and woodland. It was plainly the intention of the legislature to prevent such burning without a special permit.

It is also argued that the burning was permitted under Rem. & Bal. Code, § 5287, which provides for burning logs, stumps, drift and brush heaps, in small quantities, under personal supervision, but that section was clearly repealed by the act of 1911, which shows that the burning of such material in small isolated quantities in forests, etc., is not permitted without a special permit.

We are of opinion therefore that the burning in this case was unlawful, and the judgment is affirmed.

Dunbar, C. J., Ellis, Morris, and Fullerton, JJ., concur.